IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH A. JESTER | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO. 08-1869 |

**REPORT AND RECOMMENDATION**

CAROL SANDRA MOORE WELLS                                            January 14, 2009
UNITED STATES MAGISTRATE JUDGE

      Deborah A. Jester ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it, and Plaintiff has filed a reply. For the reasons set forth below, it is recommended that Plaintiff's Request for Review be GRANTED, Judgment be entered in favor of Plaintiff and against Defendant and the case be REMANDED to the Commissioner for further proceedings consistent with this report and recommendation.

**I. PROCEDURAL HISTORY**[1]

      On October 27, 2004, Plaintiff applied for DIB alleging disability, since January 15, 2004, as a result of herniated discs in her back and nerve damage in her right leg, back, and neck. (R. 36-38, 53). Benefits were denied, initially, whereupon, Plaintiff requested and was granted an administrative hearing. On October 25, 2006, Plaintiff appeared before Margaret A. Lenzi,

---
[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Complaint and Plaintiff's Brief and Statement of Issues in Support of her Request for Review, Defendant's Response to Request for Review of Plaintiff, Plaintiff's Reply to Defendant's Response, and the administrative record ("R."), including all exhibits thereto.

Administrative Law Judge ("ALJ"), for an administrative hearing; Plaintiff and James Earhart, a vocational expert ("VE"), testified at the hearing. (R. 304-22). On November 15, 2006, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision. (R. 12-19). On March 25, 2008, the Appeals Council denied Plaintiff's request for review, making the ALJ's findings the final decision of the Commissioner. (R. 4-6). This case was referred to the undersigned by the Honorable Edmund V. Ludwig, under the authority of 28 U.S.C. § 636(b)(1)(B), for preparation of a report and recommendation.

## II.   FACTUAL BACKGROUND

A.   <u>Personal History</u>

Plaintiff, born on July 26, 1955, was 51 years old at the time of her administrative hearing; she was five feet six inches tall and weighed 230 pounds. (R. 307, 308). Plaintiff completed twelfth grade and has past relevant work experience as a letter carrier and lighting fixture assembler. (R. 309, 310-11). She lives with her adult son, adult daughter and 19 month-old grand daughter. (R. 309).

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:

> 1. If claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If claimant is found not to have a severe impairment which significantly limits his or her physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

B.    Plaintiff's Testimony

Plaintiff testified about her pain and physical limitations at the administrative hearing. Her lower back pain usually rates five on a scale of one to ten. (R. 311, 312). Any household chores worsen Plaintiff's pain; she is no longer able to lift her granddaughter. (R. 312-13). She can lift between ten and fifteen pounds and walk for two blocks before she must sit down to relieve the pain in her back and legs. (R. 313). Plaintiff can stand for approximately 30 minutes, rocking back and forth on each foot, and sit for approximately 20 minutes at a time; afterward, she must lie down. (R. 314).

Plaintiff often reclines during the day; this does not relieve her pain but does make her more comfortable. (R. 314-15). At night, her legs tighten up, especially her right leg, and this affects her ability to sleep. (R. 315). Epidural injections and physical therapy did not relieve her pain. (R. 316). Currently Plaintiff uses a TENS unit and takes Ibuprofen for her pain. (R.312). She also does home exercises which do not help much. (R. 317).

C.    Vocational Testimony

The VE categorized Plaintiff's past work as a mail carrier as semi-skilled[3] at a medium exertional level[4]; her past assembler work was semi-skilled and light.[5] (R. 318). All of Plaintiff's past jobs, as she described them, were consistent with the Dictionary of Occupational Titles ("DOT"). *Id*.

The ALJ and Plaintiff's counsel then asked the VE a series of hypothetical questions. The ALJ first asked the VE to consider a person aged 49 to 51, with a high school education and Plaintiff's past

---

[3]"Semi-skilled work is work which needs some skills but does not require doing the more complex work duties." 20 C.F.R. § 404.1568(b). It is less complex than skilled work but more complex than unskilled work. *Id*. "A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks." *Id*.

[4]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

[5]"Light work involves lifting no more that 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

work, who could perform light or sedentary work and occasional postural activities, but who should avoid using their right lower extremity for repetitive motions such as operating foot controls or pushing or pulling. *Id.* The VE testified that such a person could perform Plaintiff's past work as a light fixture assembler, because that job did not require any postural activities or foot controls. *Id.* The VE identified other suitable jobs, including: counter clerk, (18,000 positions in the national economy and 1300 in the local economy); parking lot cashier, (121,000 jobs nationally and 1400 locally); cleaner/housekeeper, (70,000 nationally and 1200 locally); and gate guard, (137,000 nationally and 2700 locally). (R. 318-19).

Next, the ALJ asked the VE to consider the same person but with limited concentration and attention who could only understand, remember and follow simple instructions. (R. 319). The VE responded that the person could still perform Plaintiff's past assembler job and all other jobs mentioned, except the gate guard position. (R. 319-20). If the person needed a sit/stand option, the VE opined that the person could only perform the parking lot cashier and counter clerk jobs. (R. 320). An individual who had to miss up to three days of work per month because of her ailments, could not keep any job. (R. 321). Also, if the person could sit and stand only four hours per day, the VE testified that she could not maintain full time employment. *Id.*

### III. THE ALJ's FINDINGS

Plaintiff challenges the following relevant findings issued by the ALJ after the administrative hearing:

> 5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light and/or sedentary exertional work, as defined in 20 CFR 404.1567(b) and 404.1567(a), respectively. Her ability to perform the full range of light and/or sedentary work is compromised to the extent that she can only occasionally perform postural activities including bending,

        stooping, crawling, climbing, crouching, or balancing, and she must avoid using her right foot for repetitive movements such as operating foot controls or pushing/pulling.

6.     [Plaintiff] is able to perform past relevant work (20 CFR 404.1565).

10.     Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1560(c) and 404.1566).

11.     [Plaintiff] is not under a "disability," as defined in the Social Security Act, from January 15, 2004, through the date of this decision (20 CFR 404.1520(g)).

(R. 15, 18, 19, 20).

## IV. DISCUSSION

A.     <u>Standard of Judicial Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). It is more than a mere scintilla of evidence but may be less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should grant deference if the ALJ's findings of fact are supported by substantial evidence even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). On the other hand, the Commissioner's legal conclusions are subject to plenary review. *Schaudeck*, 181 F.3d at 431.

B.     Burden of Proof in Disability Proceedings

In order to be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (a) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (b) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. Under the second method, Plaintiff must initially demonstrate that a medically determinable disability prevents her from returning to past employment. *See Brown v. Bowen*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff is capable of performing given her age, education, and work experience. *See Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

C.     Review of the Administrative Law Judge's Decision

The ALJ, applying the sequential evaluation process, determined that Plaintiff had the residual functional capacity to perform: (1) her past relevant work as a lighting fixture assembler, (2) other work existing in the national economy; consequently, she was not disabled. (R. 18-20). Plaintiff challenges the ALJ's conclusion that she is not disabled and contends that the ALJ erred in concluding that she had the residual functional capacity ("RFC") for a limited range of light work

because the ALJ: (1) improperly evaluated the medical evidence and other documentary evidence, and (2) improperly evaluated Plaintiff's subjective complaints. *Plaintiff's Brief and Statement of Issues in Support of Her Request for Review*, ("Pl.'s Br.") at 1-10. Plaintiff also argues that the ALJ's use of the VE was flawed. *Id.* at 10-11. The Commissioner requests that this court affirm the ALJ's finding that Plaintiff is not disabled. *Defendant's Response to Request for Review of Plaintiff* ("Def.'s Br.") at 5-15.

1. <u>The ALJ Erred in Evaluating Plaintiff's RFC</u>

 a. *<u>The ALJ Improperly Evaluated the Disability Examiner's Report and Did Not Afford Proper Weight to the Opinions of Plaintiff's Treating Physician</u>*

Plaintiff maintains that the disability examiner's report does not support the ALJ's RFC assessment. Furthermore, he asserts that the ALJ failed to afford proper weight to the opinions of her treating physician, Gerald E. Dworkin, M.D., a pain management specialist.

Specifically, Plaintiff argues that, contrary to the ALJ's view, the disability examiner actually determined that Plaintiff could *not* perform light work. *See* Pl.'s Br. at 4-5. Plaintiff is correct; the disability examiner determined that Plaintiff could frequently lift less than ten pounds and occasionally lift ten pounds. (R. 240). Light work by definition requires the ability to lift up to twenty pounds occasionally and frequently lift or carry up to ten pounds.[6] *See* 20 C.F.R. § 404.1567(b).

Plaintiff next complains that the ALJ ignored documented clinical findings which

---
[6]Plaintiff also complains that the ALJ misunderstood the disability examiner's finding concerning her ability to stand or walk. *See* Pl.'s Br. at 5. However, the disability examiner determined (by checking a box) that Plaintiff could stand or walk for between two and six hours per day. (R. 240). In order to be deemed able to perform the full range of light work, a claimant must be able to stand and carry weight for approximately six hours in an eight hour work day. *See Jesurum v. Sect. of the U.S. Dept. of Health and Human Services*, 48 F.3d 114, 119 (3d Cir. 1995) (citing Social Security Ruling ("SSR") 83-10). The disability examiner found Plaintiff could stand or walk for between two and six hours per work day, which may be close enough to six hours to be deemed the equivalent of six hours. *See Mason v. Shalala*, 994 F.2d at 1066 (noting that five hours and twenty minutes is "fairly close" to six hours). In any event, the ALJ's more substantial error was failing to notice that the disability examiner found Plaintiff could not lift enough weight to perform light work.

corroborate Dr. Dworkin's findings and his opinions concerning her limitations. *See* Pl.'s Br. at 5-6. Plaintiff correctly states that Dr. Dworkin reported reduced range of motion in her lumbosacral spine and weakness in her legs. (R. 249). The ALJ was not free to simply ignore this contrary medical evidence. *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (citing *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994)). Plaintiff also maintains that the ALJ erroneously discounted Dr. Dworkin's findings based on her personal belief that additional MRI findings were needed to confirm thecal sac, spinal cord, or nerve root compression. *See* Pl.'s Br. at 6 (citing R. 16-17). To the extent the ALJ believed she was qualified to determine the specific MRI findings that were required to evaluate Plaintiff's condition or used her belief that more MRI findings were required as a basis to reject Dr. Dworkin's medical opinions, she erred. *See Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (noting that an ALJ is not free to employ "her own expertise against that of a physician who presents competent medical evidence," and that an ALJ may reject a treating physician's opinion only the basis of contradictory medical evidence); *see also Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (noting that an ALJ may not reject a treating physician's opinion based upon the ALJ's "own credibility judgments, speculation or lay opinion").[7]

In light of these clear cut errors, this court finds that the ALJ failed to accurately review the disability examiner's report and Dr. Dworkin's findings and opinions in evaluating Plaintiff's RFC. Given the crucial importance of the RFC determination, the ALJ's decision is not supported by substantial evidence.[8] This case should be remanded so that the ALJ can accurately reevaluate Plaintiff's RFC.

---

[7]Plaintiff also maintains that the medical evidence in the record actually supports Dr. Dworkin's findings. *See* Pl.'s Br. at 7-8; Pl.'s Reply at 2-3. The court finds that, in the first instance, the ALJ should redetermine whether this is so.

[8]As Plaintiff notes, if she is restricted to sedentary work and if her prior work left her with no transferrable skills, the Medical-Vocational guidelines would direct a finding of disabled once she reached her 50th birthday on July 26, 2005. *See* 20 C.F.R. Part 404, SubPart P, Appendix 2, Rule 201.14.

b.     *The ALJ Improperly Evaluated Plaintiff's Subjective Complaints*

Plaintiff argues that the ALJ failed to afford her testimony proper weight because the ALJ: (1) ignored the enhanced credibility due given Plaintiff's long work history; and (2) inaccurately portrayed Plaintiff's course of treatment and ability to preform household chores. *See* Pl.'s Br. at 8-10.

When a claimant has a long work history, her testimony concerning the limiting effects of her medical conditions is entitled to substantial credibility. *See Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979). Plaintiff had worked for approximately twenty years before an automobile accident caused her to stop working; she served more than nine with her first employer and over a decade with her last employer. (R. 61). In light of this long work history, Plaintiff's testimony concerning her limitations was entitled to substantial credibility. *See Dobrowolsky*, 606 F.2d at 409. The ALJ erroneously failed to recognize that Plaintiff's long work history afforded substantial credibility to her testimony concerning her limitations. *See id.*

Plaintiff also maintains that the ALJ erred when she found that: (1) Plaintiff's treatment was minimal and conservative, ending in April 2005, and (2) Plaintiff could perform a "significant range" of household activities. *See* Pl.'s Br. at 9. The ALJ deemed Plaintiff's treatment "minimal" and "conservative" because Plaintiff's treatments consisted of seeing a chiropractor and receiving two epidural injections for her pain, with no further active treatment by medical professionals in April 2005. (R. 16). The record does show that Plaintiff's pain improved over the course of her chiropractic treatment from January 24, 2004 to August 3, 2004.[9] (R. 126-203). This evidence suggests that Plaintiff's pain was not as incapacitating as she alleged. However, after Plaintiff ended her chiropractic treatment, Dr. Dworkin administered two epidural steroid injections between August

---

[9]On January 24, 2004, Plaintiff's spinal tenderness and spasm were severe and her prognosis guarded. (R. 203). By August 3, 2004, her spinal tenderness and spasm were moderate; her prognosis remained guarded. (R. 125).

18, 2004 and November 15, 2004 followed by image-guided epidural steroid injections on November 15, 2004 and January 15, 2005. (R. 247). Notwithstanding these four steroid injections, Dr. Dworkin believed Plaintiff's pain was incapacitating.[10] *Id.* This suggests that Plaintiff could be credited concerning her pain testimony. *See* 20 C.F.R. § 404.1529(c)(3)(iv) (indicating that the effectiveness of medication must be considered when evaluating a claimant's symptoms).

The ALJ also believed that Plaintiff had testified she could perform a "significant range of household activities." (R. 16). Consideration of Plaintiff's daily activities is relevant to evaluating her pain testimony. *See* 20 C.F.R. § 404.1529(c)(3)(i). However, Plaintiff did not testify that she was capable of a "significant range" of household activities. Contrariwise, Plaintiff asserted she could do "little things" around the house, such as washing dishes or straightening up the table. (R. 312). Plaintiff previously changed her granddaughter's diapers and sat in the yard with, her but stated she was no longer able to lift her granddaughter. (R. 309, 312). Plaintiff testified that her adult son assisted in the daily care of her granddaughter. (R. 309). Further, Plaintiff only drives a couple of minutes a day, taking her daughter to and from work. *Id.* Finally, she stated that most household activities exacerbated her pain. (R. 312).

As demonstrated, the ALJ made several errors in evaluating the record evidence, said errors led the ALJ to wrongly discredit Plaintiff. If the record were properly evaluated, the court is not certain the ALJ would have discredited Plaintiff to the extent found. *See Mason*, 994 F.2d at 1066 (noting that an ALJ may not reject evidence based on an incorrect reason). Further, a finding that Plaintiff can only perform sedentary work may result in her being found disabled as of her fiftieth birthday, *see supra* n.8, hence, upon remand, the ALJ shall reevaluate the evidence in the record and redetermine the extent to which Plaintiff ought to be credited before a new RFC is formulated.

---

[10]The ALJ mistakenly thought Plaintiff had received only two epidural steroid injections. (R. 16).

### 2. The ALJ's Use of the VE was Flawed

Plaintiff argues that the ALJ's use of the VE was flawed because: (1) her hypothetical questions included the unsupported assumption that Plaintiff could perform light work; (2) she erroneously failed to accept the VE's testimony that Plaintiff was disabled because she would have to miss up to three days of work per month; and (3) she failed to clarify through the VE whether Plaintiff's past work required postural activities.

Plaintiff's first assertion of error concerns the ALJ's RFC assessment, which the court has already found to be flawed and must be re-considered. *See supra* Section IV.C.1. On remand, after the ALJ has reconsidered Plaintiff's RFC, she must pose proper hypothetical questions to the VE incorporating Plaintiff's modified RFC.

Plaintiff's second assertion of error concerns the ALJ's rejection of Dr. Dworkin's opinion that Plaintiff would of necessity miss at least three days of work each month because of her pain.[11] The ALJ rejected Dr. Dworkin's opinion as unsupported by the record. (R. 20). This court already has found ALJ error in evaluating significant evidence, including Dr. Dworkin's opinions. Thus, on remand, the ALJ must reconsider whether Dr. Dworkin's opinion concerning Plaintiff's need to miss work ought to be accepted.

Plaintiff's last assertion of error concerns the VE's understanding of the requirements of Plaintiff's past work as a light fixture assembler. The VE testified that he understood Plaintiff's description of that job not to require any postural activities or use of foot controls and to be consistent with the DOT. (R. 318). Prior to the administrative hearing, Plaintiff reported that her light assembler job required her to stoop and crouch for one hour each during the work day. (R. 63). However, the DOT indicates that a light fixture assembler job requires no stooping or crouching or

---

[11] Dr. Dworkin rendered this opinion in Multiple Impairment Questionnaires he completed on April 29, 2005 and October 27, 2006. (R. 255, 297).

any other postural activities; there is also no mention of use of foot controls. *See Dictionary of Occupational Titles*, Assembler, Lighting Fixtures Industry, 723.684-014, 1991 WL 679520. Thus, the VE erred when stating that Plaintiff's description of her job was consistent with the DOT. Nonetheless, it is permissible to consider whether a claimant can perform her past job as it was actually performed or as it is performed in the national economy. *See* 20 C.F.R. § 404.1560(b)(2). The DOT establishes that, as performed in the national economy, a light fixture assembler job requires neither postural activities nor use of foot controls. Therefore, on remand, there is no need for the ALJ to ask the VE to clarify his testimony concerning this issue. *See Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) (holding that remand is not necessary for the ALJ to address an issue that could not affect the outcome of the case).

## V.  CONCLUSION

After a thorough review of the record, this court finds that the Commissioner's final decision contains reversible error and is not supported by substantial evidence, hence, Plaintiff's request for review should be granted in part and denied in part.[12] Accordingly, I make the following:

### RECOMMENDATION

AND NOW, this 14th day of January, 2009, I respectfully recommend that:

1. The Report and Recommendation be APPROVED and ADOPTED.

2. The Plaintiff's Request for Review be GRANTED in part and DENIED in part.

3. The case be REMANDED to the Commissioner of the Social Security

---

[12]Plaintiff also complains that the Commissioner improperly sought to bolster the ALJ's conclusions by citing information that the ALJ did not rely upon (a treatise concerning the general population's tendency toward disc disease with aging and Plaintiff's lack of muscle atrophy). *See* Pl.'s Reply at 3 & n.2. Plaintiff is correct that the court may only consider the evidence and explanations that the ALJ actually relied upon. *See Fargnoli v. Massanari*, 247 F.3d 34, 44 n.7 (3d Cir. 2001). Since the ALJ did not rely upon this information in her decision, the court did not consider it either. *See id.*

        Administration so that the Administrative Law Judge ("ALJ") can conduct additional proceedings consistent with the Report and Recommendation. Specifically, upon remand, the ALJ should: (a) reconsider the disability examiner's report and the opinions of Dr. Gerald E. Dworkin; (b) reconsider Plaintiff's credibility concerning her complaints of pain after accurately evaluating the evidence related to her credibility; (c) reconsider Plaintiff's residual functional capacity ("RFC"); and (d) pose hypothetical questions to the vocational expert which contain Plaintiff's new RFC assessment and any other limitations Dr. Dworkin found that the ALJ chooses to credit.

4.     Judgment be ENTERED for Plaintiff and against the Defendant Commissioner of the Social Security Administration.

It be so ORDERED.

                                */s/ Carol Sandra Moore Wells*
                                CAROL SANDRA MOORE WELLS
                                United States Magistrate Judge